## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAMES A. GRANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24-CV-01086 NCC |
| | ) |
| WESTLAKE FINANCIAL SERVICES, | ) |
| | ) |
| | ) |
| Defendant. | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff James Granderson for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. Additionally, the Court has carefully reviewed plaintiff's complaint and for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On August 6, 2024, plaintiff filed this action on a civil complaint form against Westlake Financial Services (hereinafter referred to as Westlake), whom he alleges to be a financial institution organized under the laws of California. Plaintiff asserts he is bringing this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, (hereinafter referred to as the FCRA).

Plaintiff alleges, in a conclusory fashion, that he had a "transaction or experience between [he] and [Westlake]" known as a "charge off." Plaintiff claims, without any citations to caselaw, that this "charge off" is unable to be reported on a credit report, and that Westlake unlawfully, and in violation of the FCRA, reported the charge off to consumer reporting agencies (CRAs). Plaintiff, however, fails to point to any provisions of the FCRA that disallow such reporting.

Plaintiff alleges that he received notification of Westlake's reporting of the charge off when he was denied credit for an auto loan on or about November 1, 2022, from Auto Center Nissan, and thereafter he checked his credit reports through Credit Karma. He claims that he "learned/noticed various information was falsely reported." However, plaintiff does not specify what specific information was "falsely reported" on his credit reports when he checked the credit reports. He states only that when he received his consumer reports, from Experian, TransUnion and Equifax, on or about December 13, 2022, and December 14, 2022, each report "contained false inaccurate information of a charge off, which is the transaction or experience between plaintiff and [Westlake] that cannot be reported."

Plaintiff states that on December 17, 2022, he contacted Westlake by letter and phone calls noting that he believed Westlake had included information on his credit report that should not have been included. He asserts that "income does not get reported on the consumer report," and he believes that a charge off should be analyzed as gross or ordinary income. It appears he also disputed the information with TransUnion. However, it is unclear what plaintiff's correspondence to TransUnion included.

Plaintiff received correspondence from Westlake at the beginning of 2023. In the correspondence, Westlake indicated that the information provided to the CRAs was correct.

3

On February 6, 2023, plaintiff received correspondence from TransUnion stating, "After receiving your dispute request, we found the information you disputed does not currently appear on your TransUnion credit report." Plaintiff claims that he reviewed his credit report after receipt of the TransUnion correspondence, and the report still contained information relative to the charge off from Westlake.

Plaintiff claims he was denied credit "through multiple lenders for loans, and car loans, that would [have] helped him get a new car so he could drive to his carpenter work sites" during the year 2023. He attributes the denial of the loans to the "false inaccurate information of a charge off" from Westlake included on his credit report. He states that he continued to contact Westlake representatives throughout 2023 to discuss the inaccurate information, but he failed to receive relief.

On or about March 15, 2023, plaintiff was denied credit by CitiBank. He claims that the denial was based on the inaccurate information regarding the charge off on his credit report from Westlake. Plaintiff contacted Westlake on March 20, 2023, to ask Westlake to remove the information, and he was told to contact the CRAs. On April 7, 2023, plaintiff filed a dispute with Equifax relating to the charge off. Plaintiff claims that TransUnion, Equifax and Westlake all failed to do proper investigations regarding his claims for relief.

On December 15, 2023, plaintiff received a denial of credit from Regions Bank when attempting to apply for a credit card, which he again attributes to the inaccurate information on his credit report from Westlake relating to the charge off. On the next day, December 16, 2023, plaintiff contacted Equifax, TransUnion and Experian to report the issue with his credit report. He was told that the companies had reinvestigated the issue and sent plaintiff's complaints to

Westlake. On April 26, 2024, plaintiff received letters from TransUnion and Equifax asking him to submit identifying information to verify his identity. The letters indicated that they were unable to "locate a credit report/file for him." On an unnamed date, plaintiff received correspondence from Experian; however, the correspondence failed to provide results of the investigation of his dispute into Westlake's information on his credit report related to the charge off.

Plaintiff's complaint brings two claims for relief against defendant Westlake. He asserts, pursuant to 15 U.S.C. § 1681n (willful noncompliance) and § 1681o (negligence), under the Fair Credit Reporting Act (FCRA), that: (1) Westlake failed to conduct a proper investigation of his dispute; (2) failed to review all relevant information available to the CRAs in conducting a reinvestigation; (3) failed to direct the CRAs to remove the inaccurate information; (4) failed to follow reasonable procedures *to not* furnish information under FCRA. (emphasis added).

For relief, plaintiff seeks actual and punitive damages in this action.

## Discussion

Having reviewed the complaint, the Court finds that plaintiff's claims against Westlake fail to survive review under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed at this time.

The Fair Credit Reporting Act "seeks to promote 'fair and accurate credit reporting'" through regulating "the consumer reporting agencies that compile and disseminate personal information about consumers." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 418 (2021) (quoting 15 U.S.C. § 1681(a)). The question in this case appears to be whether reporting an account as charged off on a credit report is incorrect or misleading such that it violates the FCRA. Plaintiff asserts that a charge off is unable to be reported on a credit report because it is "income" and therefore not reportable. However, prevailing caselaw on this topic dictates otherwise.

5

The term "charge off" is a "term of art in the accounting industry," and means that a creditor has given up on being repaid under the terms of a loan or credit arrangement, and therefore treats the debt as a loss or expense. *See Lewis v. Suncoast Credit Union*, No. 1:19-CV-1900-MHC-RDC, 2020 WL 5548774, at *1 (N.D. Ga. Aug. 28, 2020) (citing Charge Off, Black's Law Dictionary (11th ed. 2019)), *report and recommendation adopted*, 2020 WL 10142124 (N.D. Ga. Sept. 14, 2020); *see also Lantos v. Equifax Info. Servs., L.L.C.,* No. 2:23-CV-00240-LEW, 2024 WL 778819, at *3 (D. Me. Feb. 26, 2024) (explaining that federal regulations require that banks charge-off debt over 180 days past due so that their balance sheets do not misleadingly report delinquent accounts with little chance of being paid in full as assets). Because of this, "[t]he FCRA allows credit reporting agencies to retain a charged off notation for a debt on a consumer's credit report for up to seven years." *Makela v. Experian Info. Sols., Inc.,* No. 6:21-CV-00386-MC, 2021 WL 5149699, at *3 (D. Or. Nov. 4, 2021) (citing 15 U.S.C. § 1681c(a)(4)).

Nearly every court that has confronted claims like plaintiff's has held that reporting of a charge off is not misleading or inaccurate, and thus does not violate the FCRA, because the "reporting of an account as charged off on a recurring basis only shows that the outstanding debt has yet to be repaid" and "does not indicate that the account has been charged off multiple times." *Makela*, 2021 WL 5149699, at *3; *accord Lantos*, 2024 WL 778819, at *3 (joining the "'growing consensuses among the federal courts holding that 'repeatedly reporting a delinquent account as charged off is not inaccurate'") (quoting *Otto v. TransUnion LLC*, No. 6:21-cv-379-AA, 2022 WL 787940, at *3 (D. Or. Mar. 15, 2022)); *Shelton v. AmeriCredit Fin. Servs., Inc.,* No. 23-10543, 2023 WL 2761702, at *3 (E.D. Mich. Apr. 3, 2023) (dismissing a FCRA claim premised on furnisher's reporting each month that her account has been charged oft); *Thomason v. World Fin*.,

6

No. 1:23-CV-00109-ADA, 2023 WL 4375499, at *3 (W.D. Tex. July 6, 2023) (same); report and recommendation adopted, 2023 WL 4833482 (W.D. Tex. July 27, 2023). This Court agrees with the reasoning of these decisions and similarly concludes that reporting charge offs in consecutive months is neither inaccurate nor misleading.[1] In other words, plaintiff pleads no facts that plausibly suggest that an account can be charged off more than once, or that someone looking at a credit report would interpret the repeated reporting of an account as charged off meant that it was charged off more than once.

In the end, plaintiff's FCRA claims against Westlake depend entirely on whether the recurring reporting of a charged off account was inaccurate. The overwhelming weight of authority holds that, as a matter of law, it is not. As a result, the Court finds that plaintiff has failed to state a plausible claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice. The Clerk shall not issue process or cause process to issue upon the complaint because

---

[1] At least one court has permitted a similar claim to proceed past the motion to dismiss stage. *See Harroff v. Experian Info. Servs., Inc.,* No. 2:18-CV-2152J-KJD-GWF, 2019 WL 4168729 at *4 (D. Nev. Sept. 3, 2019) ("Due to the conflict between the case law and the proffered evidence it is at least plausible that the appearance of multiple charge-offs on a consumer report could cause a prospective creditor to deny Harroff credit when faced with multiple -as opposed to one singular-charge-off."). But since *Harroff* was decided, the Ninth Circuit has held, albeit in an unpublished decision, that "[t]he report of multiple charge-offs does not support a plausible claim under [the FCRA] because [the plaintiff] failed to plead that anyone would believe that the account had been charged off more than once," and it was "undisputed that an account can be charged off only once." *Steinmetz v. Am. Honda Fin. Corp.,* 835 F. App'x 199, 201 (9th Cir. 2020).

7

the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** than an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 19th day of August, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE